Guild *v.* Peck.

GUILD, executor, &c. *vs.* PECK and others.

Where the husbands of two residuary legatees, of the testator, cited the executor to account before the surrogate, and the executor appeared and rendered his account, and the surrogate proceeded to make a decree for the payment of the residue of the personal estate to the two daughters of the decedent, but without citing the parties interested in the estate to attend the taking of the account; *Held,* that it was not a decree for the final settlement of the account of the executor; and that an appeal from such decree could not be made after the expiration of thirty days from the entry of the decree.

Where a feme covert is a legatee, a decree of the surrogate, made upon the application of her husband, in his own name, will not be binding upon her.

Where the husband, in right of his wife, is entitled to an interest in the personal estate of a decedent, proceedings to call the executor or administrator to account, before the surrogate, should be instituted in the joint names of the husband and his wife.

But where a legacy is given to a feme covert, for her separate use, the proceedings before the surrogate, against the executor, to compel the payment of the legacy, should be instituted in the name of the feme covert only, by her next friend.

Where a legacy due to a feme covert, as her separate estate, is paid over to her by the executor, under a decree of the surrogate, obtained upon the application of her husband, and is accepted by her, it seems such payment will protect the executor, not only as to the payment, but also from a further accounting to her.

The receipt of a feme covert, for a legacy which is bequeathed to her as her separate property, is a good discharge for such legacy; as to which she is to be considered and treated as a feme sole.

THIS was an application to dismiss an appeal from the sentence or decree of the surrogate of the county of Saratoga, upon the ground that such appeal had not been brought within the time allowed by the statute for appealing. The testator, by his will, bequeathed to his wife, who survived him, a legacy of $1000 and all his household furniture and bedding. And after devising certain real estate specifically, he gave and bequeathed all the rest and residue of his estate to his two daughters, Nancy, the wife of Ira Peck, and Ann Eliza, the wife of A. N. Knight, to be divided equally between them, as their exclusive property; free from the control of their present or any future husbands. Upon the application of Peck and Knight, whose wives were the residuary legatees, but who did not join with their husbands in

the application, the surrogate cited the executor and only son of the testator to account. Upon the return of the citation Peck and Knight appeared before the surrogate. But no citation was asked for, by the executor, requiring the creditors, or next of kin, or the legatees of the decedent, to attend the settlement of the account; as directed by the statute, where an executor or administrator desires to have his account finally settled. The surrogate, however, received the account of the executor, and proceeded to take testimony between the parties as to the correctness of that account. And with their consent he decreed that a certain bond and mortgage, purporting to have been assigned by the testator to two of his grandchildren, belonged to them, and that it should be delivered over to Peck and Knight for the use of such grandchildren. With the like consent of the executor, and of Peck and Knight, the surrogate directed and decreed that a note given to the testator by N. G. & W. Philo, should be delivered over to Mrs. Peck and Mrs. Knight, as the residuary legatees. He also decided and decreed that, after allowing the executor for his payments, commissions, and expenses of administration, there remained in his hands $2769,84. From this amount the executor was allowed to retain the sum of $1500, as a contingent fund, to pay a claim in his favor for $1200 and costs; which claim had been allowed to him by a previous decree of the surrogate, but which decree had been appealed from, and was then pending and undecided. And the executor was decreed to pay the balance of the $2769,84, with interest, to Mrs. Peck and Mrs. Knight, as the residuary legatees, in equal proportions. He was also decreed to pay to the husbands of such legatees $51,34 for their costs. The decree was entered on the 10th of September, 1844, and on the 6th of December thereafter the executor appealed from the same.

*R. W. Peckham,* for the appellant.

*G. W. Kirtland,* for the respondent.

Guild v. Peck.

THE CHANCELLOR. The only question which arises upon this application is, whether the decree appealed from is a decree for the final settlement of the account of the executor; so as to entitle the appellant to three months, from the time of recording such decree, to appeal from the same, within the intent and meaning of the provisions of the revised statutes on that subject. (2 *R. S.* 94, § 67. *Idem*, 610, § 105.)

The statute contemplates two modes of rendering accounts, before the surrogate, by executors and administrators, and of having such accounts adjusted. One of these is called the final settlement of the account. The other is more properly an adjustment of the account, as between the executor or administrator and a particular creditor or legatee, for the purpose of determining their rights as between themselves, than a final settlement of the account; although the decree of the surrogate may be final, as between the parties litigating the matter before him, so far as his decision professes to go. Thus a creditor, or a legatee, may apply to the surrogate, under the provisions of the 18th section of the title of the revised statutes relative to the rights and liabilities of executors and administrators, (2 *R. S.* 116,) and if the executor or administrator does not admit that he has sufficient in his hands to pay all the debts, in the one case, or all the debts and legacies, in the other, the surrogate must necessarily inquire and ascertain the amount of assets in the hands of the executor, or administrator, before he can decree payment. A similar inquiry may be necessary where a creditor, who has obtained a judgment at law against the personal representatives of the decedent, applies to the surrogate for leave to take out execution on such judgment. (2 *R. S.* 116, §§ 20, 21.) An adjustment of the account, as between the parties litigant, is also indispensable where one of the residuary legatees, or next of kin, applies for his distributive share of the estate; as authorized by the 18th section of the title of the revised statutes before referred to. And in all these cases, if eighteen months have expired, after the granting of letters testamentary, or of administration, the creditor, legatee, or next of kin, in his petition to the surrogate for the payment of his debt or legacy, or of his dis-

tributive share of the estate, or for leave to take out execution upon a judgment at law, may also insert a prayer that the executor or administrator render an account of his proceedings to the surrogate. Any creditor, legatee, or next of kin of the decedent, who has a claim against the estate, after the expiration of eighteen months, may also apply for an account of the proceedings of the executor or administrator, although he does not then seek for the immediate payment of his debt, or legacy, or of his distributive share of the estate; or the surrogate may, ex officio, direct such an account to be rendered to him.

But in none of these cases can there be a final settlement of the account of the executor, or of the administrator, within the meaning of the provisions of the revised statutes on that subject; unless the executor or administrator thinks proper to cite all the creditors, legatees, and next of kin of the decedent, who are not already parties to the proceedings, to attend the final settlement of his account; which he is authorized to do, either under the 60th or the 70th sections of the article of the revised statutes relative to the duties of executors and administrators, in rendering an account, and in making distribution to the next of kin. (2 *R. S.* 93, 95.) Where such a citation is issued, however, and is served, or duly published as directed by the statute, the surrogate is authorized to proceed and make a final settlement of the accounts of the executor, or administrator, and to settle the rights of all persons having claims upon the estate, as creditors or legatees, or next of kin, so far as such rights can be ascertained, and to decree distribution of the estate accordingly; whether such creditors, legatees or next of kin do or do not attend before him upon such accounting.

But in cases where the necessary steps have not been taken by the executors or administrators, the account and the decree founded thereon, is only settled so far as to be binding upon those persons who are actual parties to the litigation before the surrogate; although the rights and claims of other persons incidentally come in question and are decided by the surrogate, in adjusting the claims of the parties who are properly before him. And where either of the parties to such a decree, which

is not upon the face of the proceedings binding and conclusive upon all the creditors, legatees, and next of kin of the decedent, as a final settlement of the accounts of the executor or administrator, is dissatisfied with the decision of the surrogate, and wishes to appeal from such decree, or from any part thereof, he must enter his appeal, and give the bond required by law, within thirty days after such decree is made by the surrogate.

It is true the appellant, in this case, in his affidavit to resist the application, alleges, that he knows of no creditors who have claims against the estate. And he also claims to have paid the legacy of $1000 given to the widow of the testator; although he claims, in his petition of appeal, that the surrogate has not allowed him for such payment. If the executor wished for a final settlement, therefore, he should have taken out a citation and served it upon the personal representative of the widow, if she had one in the county; or it should have been published in the manner required by law, if he did not know who her personal representative was, or if she had none. Or if he knew that her legacy had been paid, and that there were no creditors, and was willing to risk a settlement of his account with the parties who had cited him before the surrogate, he had a perfect right to do so; without impairing his right to appeal from the decree of the surrogate, if it should be erroneous. But in that case he should exercise his right of appeal within the thirty days allowed by law for appealing.

Again; the proper parties were not before the surrogate in this case, to make the accounting binding and conclusive, even upon the residuary legatees of the testator; as neither of those legatees were parties to the proceedings before the surrogate, either in form or substance. The proceedings were not instituted by the husbands of the legatees, in the names of themselves and their wives, which would have been the proper form of proceeding in the case of ordinary legacies, to which the husbands were entitled by virtue of their marital rights, but in the names of the husbands alone. By a reference to the will, however, it will be seen that the residuary property, of the testator, was bequeathed to his two daughters, as their separate estate, free from

the control of their husbands. The proper course, therefore, for these legatees would have been to have instituted the proceedings in their own names, by their next friend; so that the decree of the surrogate would be binding and conclusive upon them as the real parties to the litigation. This decree, however, directs the amount, which is due from the executor, to be paid to the legatees personally, and not to their husbands. And if the money is actually paid over to the legatees themselves, under the decree, and is accepted by them, it will probably protect the executor in the payment of the money, and also from a further accounting to them. For, as to the separate estate of the wife, she is considered and treated as a feme sole; and her receipt for the separate estate, which belongs to her absolutely, is a good discharge for the same.

The appeal not having been brought within the time allowed by law for appealing, must be dismissed; with costs to be taxed.